IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED
OCT - 9 2014

| | |
|---|---|
| RONALD W. WALDEN JR., an individual, <br><br> Plaintiff, <br><br> v. <br><br> BLUE RIDGE ASSOCIATES OF VIRGINIA, L.L.C., a Virginia Limited Liability Company, <br><br> Defendant. | Civil Action No: 2:14cv509 |

## COMPLAINT

Plaintiff, RONALD W. WALDEN JR., an individual, by and through his undersigned counsel, hereby files this Complaint and sues BLUE RIDGE ASSOCIATES OF VIRGINIA, L.L.C., a Virginia Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and damages pursuant to Virginia State law and states as follows:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant's Property, which is the subject of this action, is located in the Eastern District of

Virginia.

3. Plaintiff, RONALD W. WALDEN JR., (hereinafter referred to as "MR. WALDEN" or "Plaintiff") is a resident of the Commonwealth of Virginia. MR. WALDEN lives in Suffolk, Virginia.

4. MR. WALDEN is a qualified individual with a disability under the ADA. Mr. Walden is diagnosed with osteogenesis imperfecta and uses a wheelchair for his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities, such as walking and standing, and requires a wheelchair for mobility.

6. Upon information and belief, BLUE RIDGE ASSOCIATES OF VIRGINIA, L.L.C., a Virginia Limited Liability Company (hereinafter referred to as "Defendant"), is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements, which are the subject of this action, to wit: Knell's Ridge Square, generally located at 805 N. Battlefield Blvd., Chesapeake, Virginia 23320 ("the Property"). The Defendant is responsible for complying with all obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Eastern District of Virginia.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

9. The Property is a place of public accommodation and is therefore subject to Title III of the ADA.

10. MR. WALDEN has visited the Property and plans to return to the Property in the

near future.

11. During his visit, MR. WALDEN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

12. MR. WALDEN continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed herein, which still exist.

13. MR. WALDEN plans to and will visit the Property once the barriers discussed herein and any other barriers have been removed.

14. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.302 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property and by failing to provide and/or correct the following barriers to access, which Plaintiff personally observed and encountered:

    A. inaccessible parking designated as accessible near General Dentistry, Arby's, and Mi Hogar Mexican Restaurant due to ramps improperly placed in access aisles; and

    B. inaccessible parking designated as accessible due to excessive slopes near General Dentistry and Maymar,

    C. inaccessible route to Mi Hogar due to excessive cross slope,

    D. inaccessible entrance at Mi Hoger due to lack of level landing;

15. Upon information and belief, there are other current violations of the ADA and ADAAG at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

16. To date, these barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

18. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

19. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

20. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## COUNT II
## (VIRGINIA STATE CLAIM )

21. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the preceding paragraphs of this Complaint.

22. Defendant's Property is a place of public accommodation under Section 51.5-44 of the Code of Virginia.

23. The architectural barriers and other accessibility barriers institute an ongoing act of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

24. As a direct and proximate result of Defendant's intentional and negligent failure to remove its barriers to access, Plaintiff has been denied access and his civil rights have been

violated.

25. Consequently, the Plaintiff seeks monetary damages from the Defendant pursuant to Section 51.5-46 of Code of Virginia for the discrimination he has experienced and continues to experience.

### **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned and administered by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff;

E. That the Court award such other and further relief as it deems necessary, just and proper;

F.  That this Court issue a Declaratory Judgment that the Defendant has violated the Virginia's Rights of Person with Disabilities Act;

G.  That this Court orders the Defendant to alter the aforesaid premises to make such facilities accessible to and usable by individuals with disabilities to the extent required by the Virginia Statewide Building Code;

H.  That this Court award Plaintiff monetary damages from the Defendant pursuant to Section 51.5-46 of the Code of Virginia; and

I.  That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Ronald W. Walden, Jr.

By: /s/ Deborah C. Waters
Deborah C. Waters, Esquire
Virginia State Bar # 28913
Waters Law Firm, P.C.
dwaters@waterslawva.com
Town Point Center Building, Suite 600
150 Boush Street
Norfolk, VA 23510
Telephone: (757) 446-1434
Facsimile: (757) 446-1438

-and-

M. Ryan Casey, Esquire
Virginia State Bar # 72806
Ku & Mussman, P.A.
ryan@kumussman.com
12550 Biscayne Blvd., Suite 406
Miami, FL 33181
Telephone: (305) 891-1322
Facsimile: (305) 891-4512
**Attorneys for Plaintiff**